IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENGATE HANDLING SYSTEMS, INC., | CIVIL NO. 1:06-CV-0993 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM and ORDER

This case involves breach of contract and bad faith claims arising out of a dispute over whether Plaintiff Pengate Handling Systems, Inc. is entitled to certain benefits under an insurance policy issued by Defendant Westchester Surplus Lines Insurance Company. Defendant has filed a motion for reconsideration (Doc. 34) of the court's February 27, 2007 memorandum and order (Doc. 29), which ordered Defendant to produce certain documents requested by Plaintiff.

The background of this order is as follows. In October 2004, Plaintiff submitted a claim to Defendant under Plaintiff's Professional Liability Policy (hereinafter "the Policy"). Defendant denied the claim in a letter dated February 7, 2005. On February 11, 2005, Plaintiff, through its insurance broker, requested reconsideration of the coverage denial. The investigation continued and the parties exchanged various communications over the course of the next few months.

Plaintiff commenced this suit in the Court of Common Pleas of York County, Pennsylvania, on May 25, 2005. Plaintiff served Defendant with the Writ of Summons on June 21, 2005. On May 16, 2006, Defendant removed the case to this court. After commencing discovery, some disputes arose and Plaintiff

ultimately filed a motion to compel on December 13, 2005 (Doc. 19).  On February 27, 2007, the court issued an order granting Plaintiff's motion in part, and ordered Defendant to produce a number of documents to Plaintiff and provide other documents to the court for *in camera* inspection.[1]

  The court held that Defendant failed to meet its burden of showing that the attorney-client privilege applied to documents created prior to February 7, 2005, the date Defendant issued its first decision declining coverage.  The court found that engagement correspondence proffered by Defendant was ambiguous as to whether Mr. Kevin Szczepanski and the law firm of Hodgson Russ acted in a legal or claims investigation capacity prior to that date.  Based on the other facts before the court, the court concluded that Mr. Szczepanski acted as a claims adjuster prior to February 7, 2005, and any communications between him and Defendant were not privileged.

  Defendant filed the instant motion for reconsideration on March 31, 2007, seeking again to assert the attorney-client privilege with respect to twelve pages of documents that the court previously held were not privileged.  Plaintiff filed a brief in opposition on March 29, 2007.  No reply brief was filed.  Thus, the matter is ripe for disposition.

  The question before the court is whether Defendant has established that documents WSLIC00079, 80, 81, 82, 288, 289, 290, 291, 331, 332, 333, and 334 are protected under the attorney-client privilege.  Plaintiff argues that Defendant has failed to satisfy the reconsideration standard, but in the alternative requests

---

[1] Defendant complied with that order and, with the exception of the twelve pages comprising the documents at issue now, all of the related questions of privilege have been resolved.

production of any documents or portions thereof that are not privileged. The court agrees that Defendant largely fails to meet the requirements for reconsideration. However, upon inspection, some of the documents at issue clearly constitute communications that fall within the scope of the attorney-client privilege.

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[2] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted*).* Likewise,

---

[2] Defendant does not specify the Federal Rule of Civil Procedure its motion for reconsideration was brought under. When a party files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally, "[r]econsideration of judgment is an extraordinary remedy[, and] such motions should be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

The sole basis of Defendant's request for reconsideration is a newly submitted declaration by Mr. Szczepanski that he and Hodgson Russ were retained to provide legal advice regarding Plaintiff's claim for insurance coverage. Defendant avers that the declaration, in conjunction with the engagement correspondence previously provided, clearly establishes that the relationship between Hodgson Russ and Defendant was legal in nature. Plaintiff correctly notes that this evidence fails to meet the reconsideration standard of "evidence that was not available when the court granted the motion [in question]." *Max's Seafood Café*, 176 F.3d at 677. It is clearly evidence that "could have been raised prior to the entry of" the court's February 27, 2007 order. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541.

However, the court has reviewed, *in camera*, the twelve pages of documents at issue. The court finds that some portions of the documents do fall within the scope of the attorney-client privilege. Specifically, the following documents are privileged: WSLIC00081, 082, 290, 291, 331, 332, 333, and 334. In addition, documents WSLIC00080 and 289, which are identical, are privileged from the paragraph beginning with "The Westchester Insurance Contract" to the end of the page.

Because the attorney-client privilege and the protections it affords are of the utmost importance, *see Haines v. Liggett Group Inc.*, 975 F.2d 81, 90 (3d Cir. 1992),

if the court were to compel production of privileged material, manifest injustice would occur. Therefore, the court will grant Defendant's motion with respect to the documents that are privileged.

Accordingly, **IT IS HEREBY ORDERED THAT** Defendant's motion for reconsideration is granted in part and denied in part as follows:

1) The motion is **DENIED** with respect to documents WSLIC00079 and 288. Defendant shall produce those documents to Plaintiff no later than April 27, 2007;

2) The motion is **GRANTED in part** and **DENIED in part** with respect to documents WSLIC00080 and 289. Defendant shall produce those documents to Plaintiff with the following portions redacted: all text from the paragraph beginning with "The Westchester Insurance Contract" to the end of the page. Defendant shall produce those documents to Plaintiff no later than April 27, 2007;

3) The motion is **GRANTED** with respect to documents WSLIC00081, 082, 290, 291, 331, 332, 333, and 334, which are protected by the attorney-client privilege. Defendant is not required to produce those documents to Plaintiff.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: April 20, 2007.